UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN J. THOMPSON,

        Plaintiff,

   v.

GEORGE DELALLO CO., INC.
dba EHMANN OLIVE CO.,
DOES 1 through 100,
inclusive,

        Defendants.
_____/

NO. CIV. S-12-1058 LKK/CMK

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

    READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

    Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on June 18, 2012. Larry L. Baumbach appeared telephonically as counsel for plaintiff; S. Craig

Hunter appeared as counsel for defendant George DeLallo Company, Inc.  After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

All parties defendant have been served and no further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343, 1367 is undisputed and is hereby found to be proper, as is venue.

**FICTITIOUSLY-NAMED DEFENDANTS**

This action, including any counterclaims, cross-claims, and third-party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

**MOTION HEARING SCHEDULES**

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by October 18, 2013.  The word "completed" in this context means that all law and motion matters must be **heard** by the above date. Because this date is not necessarily a date previously set aside for law and motion hearings, it is incumbent upon counsel to

1  contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,
2  sufficiently in advance so as to ascertain the dates upon which law
3  and motion will be heard and to properly notice its motion for
4  hearing before that date.  Counsel are cautioned to refer to Local
5  Rule 230 regarding the requirements for noticing such motions on
6  the court's regularly scheduled law and motion calendar.
7  **Opposition or statement of non-opposition to all motions shall be**
8  **filed not later than 4:30 p.m. fourteen (14) days preceding the**
9  **hearing date, or by proof of service by mail not less than**
10 **seventeen (17) days preceding the hearing date.**  This paragraph
11 does not preclude motions for continuances, temporary restraining
12 orders or other emergency applications, and is subject to any
13 special scheduling set forth in the "MISCELLANEOUS PROVISIONS"
14 paragraph below.
15      At the time of filing a motion, opposition, or reply, counsel
16 are directed to email a copy in word processing format to lkk-
17 pleadings@caed.uscourts.gov.
18      The parties should keep in mind that the purpose of law and
19 motion is to narrow and refine the legal issues raised by the case,
20 and to dispose of by pretrial motion those issues that are
21 susceptible to resolution without trial.  To accomplish that
22 purpose, the parties need to identify and fully research the issues
23 presented by the case, and then examine those issues in light of
24 the evidence gleaned through discovery.  If it appears to counsel
25 after examining the legal issues and facts that an issue can be
26 resolved by pretrial motion, counsel are to file the appropriate

3

1 motion by the law and motion cutoff set forth supra.

2 **Unless prior permission has been granted, memoranda of law in**
3 **support of and in opposition to motions are limited to thirty (30)**
4 **pages, and reply memoranda are limited to fifteen (15) pages. The**
5 **parties are also cautioned against filing multiple briefs to**
6 **circumvent this rule.**

7 Where the parties bring motions for summary judgment, the
8 court will deem facts which are apparently undisputed as undisputed
9 under Fed. R. Civ. P. 56(d), unless specifically reserved and that
10 party tenders evidence to support the reservation.

11 ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
12 MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
13 VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.  COUNSEL ARE CAUTIONED
14 THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
15 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
16 MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
17 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
18 TIMELY FILE AN APPROPRIATE MOTION.

19 Counsel are further reminded that motions in limine are
20 procedural devices designed to address the admissibility of
21 evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
22 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS
23 IN LIMINE  AT THE TIME OF TRIAL.

24 **DISCOVERY**

25 No modifications of the discovery requirements found in the
26 Federal Rules is ordered.

All discovery is left open, save and except that it shall be so conducted as to be <u>completed</u> by August 18, 2013.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions will be heard not later than July 18, 2013.  In this regard, all counsel are to designate in writing and file with the court and serve upon all other parties a final list of the names of all experts that they propose to tender at trial not later than sixty (60) days before the close of discovery herein established.  At the time of designation, all experts shall submit a written report.  The contents of the report must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All experts so designated are to be fully prepared to render an informed opinion at the time of <u>designation</u> so that they may fully participate in any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged;

5

(b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.

### **MID-LITIGATION STATEMENTS**

Not later than fourteen (14) days prior to the close of discovery, all parties shall file with the court and serve on all other parties a brief statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion. The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth above.

### **FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is **SET** for January 21, 2014, at 1:30 p.m. Counsel are cautioned that counsel appearing for Pretrial will in fact try the matter.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 280 and 281 relating to the contents of and time for filing Pretrial Statements. In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with a plain, concise statement which identifies every non-discovery motion tendered to the court, and its

6

1  resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL
2  BE GROUNDS FOR SANCTIONS.
3      The parties shall file Separate Pretrial Statements, the
4  contents and timing of which are set forth in Local Rule 281,
5  except that the parties are to prepare a <u>JOINT STATEMENT</u> with
6  respect to the undisputed facts and disputed factual issues of the
7  case.  <u>See</u> Local Rule 281(b)(3), (4), and (6).  The parties are
8  reminded to include in their joint statement all disputed and
9  undisputed special factual information as required by Local Rule
10 281(b)(6).
11     The undisputed facts and disputed factual issues are to be set
12 forth in two separate sections.  In each section, the parties
13 should identify first the general facts relevant to all causes of
14 action.  After identifying the general facts, the parties should
15 then identify those facts which are relevant to each separate cause
16 of action.  In this regard, the parties are to number each
17 individual fact or factual issue.  Where the parties are unable to
18 agree as to what factual issues are properly before the court for
19 trial, they should nevertheless list in the section on "DISPUTED
20 FACTUAL ISSUES" all issues asserted by any of the parties and
21 explain by parenthetical the controversy concerning each issue.
22 Each individual disputed fact or factual issue shall include the
23 following introductory language:  "Whether or not . . . ."  The
24 parties should keep in mind that, in general, each fact should
25 relate or correspond to an element of the relevant cause of action.
26 Notwithstanding the provisions of Local Rule 281, the Joint

7

Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed **numerically**; defendant's exhibits shall be listed **alphabetically**.  In the event that the alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z, 3A-3Z, etc."  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 281(b)(12), a party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief.  Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents

8

during trial for such purposes as, but not limited to, impeachment or memory refreshment.

Pursuant to Local Rule 281(b)(8), the parties' Pretrial Statements shall contain a "statement of legal theory, etc." Each party shall commence this section by specifying as to each claim whether federal or state law governs, and if state law, the state whose law is applicable.

Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Trial is **SET** for April 22, 2014, at 10:30 a.m. Trial will be by jury. The parties represent in good faith that the trial will take approximately six (6) days.

**SETTLEMENT CONFERENCE**

A Settlement Conference will be set before a judge other than the trial judge at the time of the Pretrial Conference.

1  Counsel are cautioned to have a principal capable of
2 disposition present at the Settlement Conference or to be fully
3 authorized to settle the matter on any terms and at the Settlement
4 Conference.

5  **MISCELLANEOUS PROVISIONS**

6  The parties are reminded that pursuant to Fed. R. Civ. P.
7 16(b), the Status (pretrial scheduling) Order **shall not be modified**
8 **except by leave of court upon a showing of good cause.** Counsel are
9 cautioned that changes to any of the scheduled dates will
10 necessarily result in changes to all other dates. Thus, even where
11 good cause has been shown, the court will not grant a request to
12 change the discovery cutoff date without modifying the pretrial and
13 trial dates.

14  **Agreement by the parties pursuant to stipulation does not**
15 **constitute good cause. Nor does the unavailability of witnesses or**
16 **counsel, except in extraordinary circumstances, constitute good**
17 **cause.**

18  The parties are reminded of their continuing obligation to
19 supplement their statements relative to the identification of
20 parent corporations and any publicly held company that owns 10% or
21 more of the party's stock within a reasonable time of any change in
22 the information.

23  The parties are admonished that they are not to cite or refer
24 to any of the quotations inscribed in the pavers on the front plaza
25 of the United States Courthouse in any written or oral presentation
26 to the court or a jury.

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

IT IS SO ORDERED.

DATED: June 20, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT