UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN J. THOMPSON,

NO. CIV. S-12-1058 LKK/CMK

            Plaintiff,

      v.                                    O R D E R

GEORGE DELALLO CO., INC.
dba EHMANN OLIVE CO.,
DOES 1 through 100,
inclusive,

            Defendants.
_____/

      Plaintiff Kevin J. Thompson has sued his former employer,
Ehmann Olive Co., alleging discrimination on the basis of race
under the California Fair Employment and Housing Act, Cal. Gov't.
Code sec. 12900 *et seq*. ("FEHA") and Title VII of the Civil Rights
Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

      Plaintiff brings this motion to amend his complaint in order
to substitute the name of defendant George DeLallo Co., Inc. d/b/a
Ehmann Olive Co. with proposed defendant DeLallo Italian Foods,
Inc. d/b/a Ehmann Olive Co.

1   The motion came on for hearing on January 14, 2014. Having
2   considered the matter, for the reasons set forth below, the court
3   will grant Thompson's motion to amend.

4   **I. BACKGROUND**

5   **A. Factual Background**

6   The following undisputed facts are taken from the operative
7   complaint and the parties' filings in support of, and in opposition
8   to, this motion.

9   On October 31, 2011, plaintiff was terminated from his
10  employment with Ehmann Olive Co. in Oroville, California.
11  (Declaration of Larry L. Baumbach in Support of Motion to Amend
12  Complaint ("Baumbach Dec."), Ex. A, ECF No. 14-2.) "Ehmann Olive
13  Co." is a fictitious business name. On January 9, 2012, plaintiff
14  filed a charge of discrimination with the California Department of
15  Fair Employment and Housing ("DFEH") against "GEORGE DELLALO, CO.,
16  INC. AKA EHMANN OLIVE, CO." (Id.) The DFEH charge alleges:

17  I WAS CALLED [N****R] FREQUENTLY. MY COMPLAINTS WERE NOT
    INVESTIGATED OR FOLLOWED-UP. I WAS DENIED RAISES OR
18  PROMOTIONS WHILE LESS SENIOR EMPLOYEES WERE GIVEN JOBS
    AND RAISES. I WAS REQUIRED TO TRAIN LESS SENIOR
19  EMPLOYEES WHO WERE THEN PROMOTED OR GIVEN RAISES OVER
    ME. MY SUPERVISOR CONTINUALLY RIDICULED ME. ON 10/31/11
20  I WAS "LAID OFF" BECAUSE "IT WAS SLOW" ALTHOUGH THERE
    HAVE BEEN SEVERAL NEW HIRES SINCE THEN. (Id.)

21

22  On January 9, 2012, DFEH issued plaintiff a right-to-sue letter.
23  (Baumbach Dec., Ex B.) Ehmann Olive Co.'s Oroville address is
24  listed in the DFEH charge, and is printed on the right-to-sue
25  letter. (Id.)

26  On January 10, 2012, plaintiff filed a charge of

2

1  discrimination with the federal Equal Employment Opportunity
2  Commission against "George Delallo Co., Inc. aka Ehmann Olive Co."
3  containing substantially the same allegations as the DFEH charge.
4  (Complaint, Ex A., ECF No. 2.) A response from the EEOC states that
5  a copy of the charge "will be served on the respondent[.]" (Id.)
6  On January 31, 2012, the EEOC issued plaintiff a Notice of Right
7  to Sue, cc:ing both Ehmann Olive Co.'s Oroville address and
8  plaintiff's counsel, Larry Baumbach, on the letter. (Complaint, Ex.
9  B.)

10      On April 23, 2012, plaintiff filed his complaint, naming as
11  a defendant "George DeLallo Co., Inc. dba Ehmann Olive Co."

12      That same day, plaintiff's counsel mailed the summons and
13  complaint to defendant's agent for service of process, along with
14  a waiver of service of summons. (Baumbach Dec. ¶ 5, Ex D.)
15  Defendant's counsel, S. Craig Hunter, responded with a letter,
16  dated May 21, 2012, disputing plaintiff's claims (Baubach First
17  Dec. ¶ 6, Ex. E.) The letter includes specific, detailed
18  allegations of plaintiff's misconduct while employed, and
19  summarizes these allegations by arguing that plaintiff's "poor work
20  ethic, insubordination towards female supervisors, violation of
21  plant safety rules, and gross misconduct towards both male and
22  female employees warranted termination for cause." The letter
23  claims that "DeLallo not only is entitled to discovery of all of
24  Thompson's physical and mental health records, but also to an
25  examination . . . by DeLallo's experts." It goes on to provide that
26  "DeLallo shall interview Stephanie Hobbs regarding Thompson's

3

1   character, work history, state of mind and attitude towards his

2   employer . . . ." The letter makes no mention of the fact that

3   defendant did not employ plaintiff.

4       Defendant ultimately signed the waiver of service (ECF No. 6),

5   and on June 4, 2012, filed a pretrial scheduling report (ECF No.

6   7.) The report also fails to mention that defendant was not

7   plaintiff's employer, instead repeatedly averring that, "Defendant

8   DeLallo has been served only recently and, consequently, still is

9   in the early stages of its investigation of the claims alleged in

10  the complaint." The pretrial scheduling conference was held on June

11  18, 2012, with counsel for both parties participating. The

12  scheduling order issued on June 20, 2012. (ECF No. 12.)

13      Defendant filed its answer on June 25, 2012. (Answer, ECF

14  No. 13.) The answer denies nearly every allegation of the

15  complaint, including that defendant was plaintiff's employer.

16  Defendant alleges a number of standard affirmative defenses such

17  as unclean hands and failure to mitigate damages, and also

18  repeatedly asserts that plaintiff was terminated for good cause.

19  Two affirmative defenses are of note. According to the sixteenth

20  affirmative defense, "Plaintiff has misjoined defendant DeLallo as

21  a party in the instant action and, accordingly, the instant action

22  should be ordered dismissed as against defendant DeLallo." (Id. at

23  9.) Defendant's seventeenth affirmative defense asserts, "Defendant

24  DeLallo is not, and never has been, Plaintiff's employer, and, as

25  a consequence, is not liable for any of the claims asserted by

26  Plaintiff in his complaint." (Id.)

1        On September 7, 2012, defendant's attorney Hunter sent

2   plaintiff's attorney Baumbach a letter reading in pertinent part:

3        In the seventeenth affirmative defense contained in the
         answer . . . DeLallo expressly states that it is not,
4        and never has been, plaintiff Kevin Thompson's employer.
         In its initial disclosures, DeLallo again states that
5        plaintiff Thompson is not, and never has been, an
         employee of DeLallo . . . . Even a cursory examination
6        of Thompson's IRS Form W-2 Statement discloses that
         DeLallo is not Thompson's employer. Therefore, DeLallo
7        demands that the above-entitled lawsuit be dismissed
         immediately. (Baumbach Dec., Ex. F.)

8

9   According to Baumbach, this letter "led to further investigation

10  of DeLallo/Ehmann Olive Co. and it was determined that the correct

11  name of the defendant should be DeLallo Italian Foods, Inc. dba

12  Ehmann Olive Co." (Baumbach Dec. ¶ 8.) Baumbach references a

13  document entitled "Fictitious Business Name Detail - Butte County

14  Recorder's Office," identifies "DeLallo's Italian Foods Inc." as

15  the registrant for the business name "Ehmann Olive Company."

16  (Baumbach Dec., Ex. G.) On September 10, 2012, Baumbach sent Hunter

17  a letter providing in pertinent part:

18       I am in receipt of your letter . . . . I am somewhat
         troubled by your insistence of the correctness of your
19       assertion that George DeLallo Company, Inc. has nothing
         to do with DeLallo's Italian Foods, Inc. or Ehmann Olive
20       Company. Our research records indicate that Ehmann Olive
         Company also does business as DeLallo Italian Foods,
21       George DeLallo Company, Inc. [sic] Are you suggesting
         that there is no connection between the entities named
22       in our research? Based upon your representations, we
         would be willing to enter a stipulation substituting the
23       Defendant DeLallo's Italian Foods Inc. dba Ehmann Olive
         Oil Company and dismissing the George DeLallo Company,
24       inc. without prejudice in case it should later be shown
         that your representations are inaccurate. (Baumbach
25       Dec., Ex. H.)

26  On October 19, 2012, Hunter responded with a letter refusing to

                                    5

1  enter into such a stipulation, insisting, first, that any dismissal

2  of George DeLallo Co., Inc. would have to be <u>with</u> prejudice, and

3  second, that the pretrial scheduling order prohibits joinder of

4  parties or amendment to pleadings on the parties' stipulation.

5  (Baumbach Dec., Ex. I.)

6      Plaintiff filed the instant motion on November 14, 2012. (ECF

7  No. 14.) In opposition, defendant has filed declarations from

8  Philip M. Polsinelli (defendant's Executive Vice President, ECF

9  No. 15-1), Anthony DiPietro (DeLallo's Italian Foods, Inc.'s

10  secretary, ECF No. 15-2), and George Hoag (DeLallo's Italian Foods,

11  Inc.'s Director of Operations at the Oroville plant where plaintiff

12  was employed, ECF No. 15-3). Defendant alleges that:

13     • Defendant and DeLallo's Italian Foods are both

14         privately-held corporations. Neither the defendant nor

15         DeLallo's Italian Foods own stock in one another, and

16         there is no parent-subsidiary relationship between the

17         defendant and DeLallo's Italian Foods. (Opposition at 4,

18         5, ECF No. 15; Polsinelli Dec. ¶¶ 4-5; DiPietro Dec.

19         ¶¶ 5-6.)

20     • "The sole business purpose of DeLallo's Italian Foods,

21         which also operates in the State of California under the

22         'dba' of the Ehmann Olive Company, has been the

23         ownership and operation of the olive processing plant in

24         Oroville, CA." (DiPietro Dec. ¶ 4.)

25     • Plaintiff was employed by DeLallo's Italian Foods at its

26         Oroville plant from August 3, 2010 until October 31,

6

2011. (Opposition at 5; DiPietro Dec. ¶ 10.)

- A number of employment-related documents identity DeLallo's Italian Foods, Inc. as plaintiff's employer, including three corporate documents signed by plaintiff on his hire date, his 2010 and 2011 IRS Form W-2, his layoff notice dated October 31, 2011, and his final paycheck.[1] (Hoag Dec,, Exs. B - H.) Several of these documents (a corporate safety manual, the layoff notice, and the final paycheck) clearly display the name "DeLallo Italian Foods, Inc. dba Ehmann Olive Company."

- Defendant's initial Rule 26 disclosures, served on July 24, 2012, identify Philip M. Polsinelli as an individual likely to have discoverable information regarding "[t]he lack of employment relationship, at any time, between plaintiff Kevin J. Thompson and defendant George E. DeLallo Co., Inc." (Declaration of S. Craig Hunter in Opposition to Motion to Amend Complaint, Ex. D, ECF No.

---

[1] Defendant also points to  the U.S. Citizenship and Immigration Services Form I-9, "Employment Eligibility Verification," signed by both plaintiff and the plant manager at the Oroville facility. (Hoag Dec., Ex. A) However, the name "DeLallo Italian Foods, Inc." is handwritten on this form, and there is nothing to suggest that this portion of the form was completed before plaintiff signed it, or that the completed copy was delivered to plaintiff.

Defendant also alleges that DeLallo Italian Foods (rather than George DeLallo Co., Inc.) received a notice from the California Employment Development Dept., dated November 10, 2011, regarding plaintiff's unemployment insurance claims, but this does not conclusively demonstrate that plaintiff knew that DeLallo Italian Foods was his employer, as EDD may have had the information linking plaintiff's name to his correct employer.

7

15-4.) The disclosures also provide that "Defendant DeLallo contends that plaintiff Kevin J. Thompson is not, and never has been, an employee of defendant George E. DeLallo Co., Inc." (Id.)

Plaintiff counters with the following:

- Plaintiff's attorney Baumbach found a website, at http://www.delallo.com/california-sevillano-olives-greener-ever, written by one George Hoag (the name of one of defendant's declarants, *supra*, and allegedly an employee of DeLallo Italian Foods, Inc.). The bottom of the webpage includes contact information for "George E. DeLallo Co., Inc." The printout of the website filed by plaintiff is dated November 1, 2012. (Declaration of Larry Baumbach in Support of Reply to Opposition ("Baumbach Reply Dec.," ¶ 4, Ex. 2, ECF No. 17.)

- Plaintiff noticed, and twice rescheduled, the deposition of George Hoag. On December 17, 2012 (five days after the date on which Hoag signed his declaration in support of defendant's opposition), defendant's attorney Hunter arrived at the time and place at which the deposition was scheduled, and announced that Hoag was out of state and would not be attending. (Baumbach Reply Dec. ¶ 5.)

- Printouts of documents from the Pennsylvania Department of State show defendant and DeLallo Italian Foods, Inc. to both be located at 101 Lincoln Highway East, Jeannette PA 15644, and to have identical corporate

1         officers.   Two   of   these   officers   are   defendant's

2         declarants,   Anthony   DiPietro   and   Philip   Polsinelli.

3         (Baumbach Reply Dec. Ex. 4.)

4       The court now turns to the parties' legal arguments in support

5   of their positions.

6   **II. STANDARD**

7       In   support   of   his   motion,   plaintiff   cites   Fed.   R.   Civ.

8   P. 15(a)(2),[2] which provides that "a party may amend its pleading

9   only   with   the   opposing   party's   written   consent   or   the   court's

10  leave.   The   court   should   freely   give   leave   when   justice   so

11  requires."   Plaintiff   argues   that   this   motion   is   necessitated   by

12  defendant's   refusal   to   stipulate   to   the   amendment.   But   as   the

13  scheduling order has issued in this matter, plaintiff should have

14  brought a motion to amend the scheduling order under Rule 16. The

15  scheduling order clearly provides: "No further joinder of parties

16  or amendments to pleadings is permitted except with leave of court,

17  good cause having been shown. See Johnson v. Mammoth Recreations,

18  Inc., 975 F.2d 604 (9th Cir. 1992)." This order issued and took

19  effect on June 20, 2012.

20      The   court   nevertheless   has   discretion   to   treat   a   motion   to

21  amend a pleading under Rule 15 as a motion to amend the scheduling

22  order under Rule 16, and will do so. Coleman v. Quaker Oats Co.,

23  232 F.3d 1271, 1294 (9th Cir. 2000).

24      Under Rule 16(b), a scheduling order "must limit the time to

25  _____

26      [2] Hereinafter,   the   term   "Rule"   refers   to   the   applicable
Federal Rule of Civil Procedure.

1  join other parties [and] amend the pleadings," and "may be modified
2  only for good cause and with the judge's consent." In order to
3  establish good cause, the moving party must show that, despite the
4  exercise of diligence, it could not reasonably have met the
5  scheduling order deadline. <u>Johnson</u>, 975 F.2d at 609.

6      Good cause may be found to exist where the moving party shows
7  that it diligently assisted the court with creating a workable
8  scheduling order, that it is unable to comply with the scheduling
9  order's deadlines due to matters that could not have reasonably
10 been foreseen at the time of the issuance of the scheduling order,
11 and that it was diligent in seeking an amendment once it became
12 apparent that the party could not comply with the scheduling order.
13 <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 608 (E.D.Cal. 1999)
14 (Burrell, J.); <u>Hood v. Hartford Life and Acc. Ins. Co.</u>, 567
15 F.Supp.2d 1221, 1224 (E.D.Cal. 2008) (Damrell, J.).[3]

16     Once the moving party has demonstrated good cause under Rule
17 16, then the court turns to Rule 15 to determine whether the
18 amendment sought should be granted. <u>Johnson</u>, 975 F.2d at 608.
19 "[L]eave to amend [under Rule 15] should be granted unless
20 amendment would cause prejudice to the opposing party, is sought

21

22     [3] Defendant argues that "good cause" should be equated with
23 "excusable neglect." But the cases he cites in support of this
   proposition do not define the term under Rule 16. <u>U.S. v. Kenner
   General Contractors, Inc.</u>, 764 F.2d 707 (9th Cir. 1985), <u>McDonald
24 v. United States</u>, 898 F.2d 466 (5th Cir. 1990), <u>Boudette v.
   Barnett</u>, 923 F.2d 754 (9th Cir. 1991), <u>In re Sheehan</u>, 253 F.3d 507
25 (9th Cir. 2001), and <u>Cox. v. County of Yuba</u>, No. 2:09-cv-01894,
   2011 WL 590733 (E.D.Cal. 2011) all concern good cause for improper
26 service under Rule 4.

1  in bad faith, is futile, or creates an undue delay." <u>Martinez v.</u>
2  <u>Newport Beach</u>, 125 F.3d 777, 785 (9th Cir. 1997), overruled on
3  other grounds by <u>Green v. City of Tucson</u>, 255 F.3d 1086, 1093 (9th
4  Cir. 2001).

5  **III. ANALYSIS**

6  **A. Has plaintiff established good cause for amendment under**
7  **Rule 16?**

8  **1. Assistance in creating a scheduling order**

9  The court must first determine whether plaintiff diligently
10 assisted the court in creating a workable scheduling order.
11 Plaintiff has met that standard. He timely served process on the
12 presumed defendant, and filed a status report addressing the issues
13 raised in the court's Order Setting Status (Pretrial Scheduling)
14 Conference. (ECF No. 4.)[4]

15 In truth, if there is any fault in plaintiff's counsel's
16 understanding, it lies with defendant, which failed to inform the
17 court that plaintiff may have sued the wrong party. The court's
18 Order specifically directs the parties to set out their views on
19 "[a]ny other matters which may be conducive to the just, efficient,
20 and economical determination of the action." (Id. at 5.) There are
21 few matters more conducive to a "just, efficient, and economical
22 determination" than ensuring that the proper parties are present
23 in the action. Defendant filed its status report on June 4, 2012,

24 _____

25 [4] It appears to the court that, between early January, when
   he filed his FEHA charge, and early September, when his attorney
26 wrote defense counsel, plaintiff sincerely believed that he had
   sued the correct party.

1   participated in the scheduling conference on June 18, and filed its

2   answer on June 25. Defense counsel's letter, dated September 7,

3   2012, makes much of its affirmative defense that "Defendant DeLallo

4   is not, and never has been, Plaintiff's employer, and, as a

5   consequence, is not liable for any of the claims asserted by

6   Plaintiff in his complaint." But there are no facts before the

7   court to suggest that defendant only learned it was not plaintiff's

8   employer in the week between the status conference and the filing

9   of its answer.

10                  **2. Foreseeability of the need for amendment**

11      Plaintiff must next demonstrate that it could not have

12   reasonably foreseen the need for amendment at the time the

13   scheduling order issued. This is the key issue at dispute.

14   Defendant argues that plaintiff was careless in failing to properly

15   identify DeLallo's Italian Foods as the real party in interest. As

16   the Ninth Circuit has noted, "carelessness is not compatible with

17   a finding of diligence and offers no reason for a grant of relief."

18   Johnson, 975 F.2d at 609. Plaintiff received several documents

19   showing that "Ehmann Olive Co." is a fictitious business name for

20   DeLallo's Italian Foods, including a corporate safety manual, his

21   layoff notice, and his final paycheck.[5] Plaintiff's counsel,

22   however, could have searched the on-line fictitious business name

23   listings in Butte County long before he actually did.

24   _____

25      [5] At oral argument, plaintiff's counsel asserted that, at the
     time he was retained, plaintiff was homeless and did not have any
26   paperwork.

On the other hand, these errors must be balanced against defendant's conduct. Defense counsel's May 21, 2012 letter contains extensive detail about plaintiff's employment, asserts that defendant will vigorously defend against the lawsuit, and gives no hint that defendant was not plaintiff's employer, all of which suggested the plaintiff had the proper defendant. Moreover, defendant made no mention to the court that it was not a proper party to this lawsuit in either its status conference report or at the status conference. While defendant's Answer both denies that defendant is plaintiff's employer and includes this assertion as an affirmative defense, the answer contains a number of other denials and defenses that are entirely consistent with defendant employing plaintiff. Interpreting defendant's actions in the light most favorable to it (*i.e.*, assuming that defendant was not trying to actively mislead plaintiff and the court), it seems that defendant itself was confused for several months about whether it was plaintiff's employer.

Moreover, George DeLallo Co., Inc. and DeLallo's Italian Foods, Inc. appear to be closely-related entities. Beyond the obvious similarities in their names, information from the Pennsylvania Department of State indicates that the firms are located at the same business address and have the same corporate officers. A website featuring an article by a manager at the Oroville facility bears the name "George E. DeLallo Co., Inc." Defendant's opposition to this motion is accompanied by the declarations of two officers of George DeLallo Co. and one employee

1  of DeLallo's Italian Foods, indicating some degree of cooperation
2  between the firms. And, ultimately, if the two are as distinct as
3  defendant maintains, why would defendant oppose this motion?
4  Plaintiff is seeking to substitute DeLallo's Italian Foods for
5  George DeLallo Co. as a defendant, which would presumably relieve
6  the latter of liability.

7       It therefore appears to the court that plaintiff could not
8  have reasonably foreseen the possibility that it had sued the wrong
9  defendant at the time the scheduling order issued.

10      In reaching this conclusion, the court is guided by several
11 other decisions assessing whether good cause existed to amend a
12 complaint.

13      In _Stribling v. Concord Village, Inc._, 2011 WL 3648280
14 (D.Ariz. Aug 19, 2011) (Teilborg, J.), an employment discrimination
15 matter, the district court denied a motion to amend the complaint
16 to name the correct defendant. Like the plaintiff herein, the
17 _Stribling_ plaintiff filed a discrimination charge with the EEOC
18 against the incorrect defendant. But on receipt of the charge, the
19 _Stribling_ defendant promptly identified the correct defendant for
20 the plaintiff. The defendant again informed the plaintiff (and the
21 court) of this fact at the Rule 16 scheduling conference. Yet the
22 plaintiff persisted in trying to hold the defendant liable under
23 an agency theory, and only belatedly moved to amend to join the
24 correct defendant. The court denied the motion as "inexcusably
25 tardy." Although _Stribling_ involved a _pro se_ plaintiff, it is
26 notable that the defendant did not seek to take advantage of this

1  fact, and unlike the defendant herein, was prompt and forthright

2  in disclosing the error both to the plaintiff and the court.

3      The instant case can also be distinguished from Johnson, 975

4  F.2d at 604. There, the scheduling order gave the parties a six

5  month window in which to move to join additional parties, after

6  which a showing of "extraordinary circumstances" would be required.

7  Id. at 606. During the six month period, the defendant twice

8  informed the plaintiff that it had sued the wrong party, both in

9  interrogatory responses and in a letter in which it offered to

10 stipulate to a substitution of the correct defendant.[6] Plaintiff

11 moved to amend only after the six months had expired; the appeals

12 court affirmed the district's denial of this motion in light of the

13 scheduling order. Again, the forthrightness of the Johnson

14 defendant stands in marked contrast to the conduct of defendant

15 herein.

16     Finally, in Barrett v. Qual-Med, Inc., 153 F.R.D. 653 (D.Colo.

17 1994), another employment discrimination case, the plaintiff

18 incorrectly sued the parent company rather than a subsidiary. The

19 parent indicated this to the plaintiff only through a somewhat-

20 ambiguous denial in its Answer. The district court granted the

21 plaintiff leave to amend its complaint on the eve of trial, noting

22 that, "the normal, and decent, procedure in situations such as this

23 is to raise the matter by a telephone call notifying opposing

24

25     [6] This offer is particularly notable because the named
26 defendant was a holding company which owned a majority of the stock
   in the correct defendant. Johnson, 975 F.2d at 606.

1   counsel that she has sued the wrong entity, so that a correction
2   can be made with a minimum of wasted time and expense." Id. at 655.
3   The court endorses this sentiment.

4       Accordingly, the court finds that plaintiff could not have
5   reasonably foreseen the need for amendment at the time the
6   scheduling order issued.

7                   **3. Diligence in seeking amendment**

8       The third factor showing good cause for amendment is
9   plaintiff's diligence in seeking an amendment once he learned that
10  he had named the wrong defendant. "'[G]ood cause' has been defeated
11  by undue delay in moving to amend . . . ." Ultimax Cement
12  Manufacturing Corp. v. CTS Cement Manufacturing, 587 F.3d 1339,
13  1354 (9th Cir. 2010). The court finds that defendant first
14  unequivocally asserted that it was not plaintiff's employer on July
15  24, 2012, when it served its initial Rule 26 disclosures.
16  Plaintiff's counsel performed a fictitious business name search and
17  offered to stipulate to amend the complaint in early September.
18  Defendant refused this offer on October 19, 2012, and plaintiff
19  filed the instant motion on November 14, 2012. These dates indicate
20  that plaintiff demonstrated sufficient diligence in seeking to
21  amend the complaint once he learned he had sued the wrong
22  defendant.

23      In sum, plaintiff has established the three factors necessary
24  to show good cause for amending the complaint herein.

25      **B. Is there any reason why leave to amend should not be**
26  **granted under Rule 15(a)?**

1        "[L]eave to amend [under Rule 15(a)] should be granted unless
2 amendment would cause prejudice to the opposing party, is sought
3 in bad faith, is futile, or creates an undue delay." <u>Martinez</u>, 125
4 F.3d at 785.

5                **1. Prejudice to defendant**

6      As the proposed amendment relieves defendant of liability by
7 substituting another entity in its place, it would appear not to
8 prejudice defendant.

9                **2. Bad faith**

10      Nothing suggests that plaintiff has acted in bad faith in
11 seeking this amendment. He appears to have been honestly mistaken
12 about his employer's true identity for a number of months, and once
13 his counsel learned of the mistake, acted diligently to correct it.

14                **3. Futility of amendment**

15      Defendant implicitly argues amending the complaint would be
16 futile because plaintiff's EEOC and FEHA charges, and the ensuing
17 right-to-sue letters issued by the agencies, name "George DeLallo
18 Co., Inc," rather than "DeLallo Italian Foods, Inc." as his
19 employer.

20      Title VII and FEHA both require a prospective plaintiff to
21 exhaust administrative remedies before commencing a civil action.
22 <u>Sosa v. Hiraoka</u>, 920 F.2d 1451, 1456 (9th Cir. 1990); <u>Commodore</u>
23 <u>Home Systems, Inc. v. Superior Court</u>, 32 Cal.3d 211, 213-4 (Cal.
24 1982). In the present case, the statutory deadlines for plaintiff
25 to file a charge with the EEOC and the DFEH against DeLallo Italian
26 Foods have expired. Consequently, defendant argues, plaintiff has

1    failed to exhaust his administrative remedies against DeLallo

2    Italian Foods, and so is barred from naming it as a defendant in

3    a civil action under Title VII and FEHA.

4                     *a. Adequacy of EEOC charge*

5        Defendant appears to be incorrect where Title VII is

6    concerned. While the general rule in the Ninth Circuit is that

7    "Title VII claimants may sue only those named in the EEOC charge

8    because only they had an opportunity to respond to charges during

9    the administrative proceeding," <u>Sosa</u>, 920 F.2d at 1458, there are

10   several exceptions to this rule. <u>See</u> Betsy Williams, <u>When may</u>

11   <u>person not named as respondent in charge filed with Equal</u>

12   <u>Employment Opportunity Commission (EEOC) be sued under Title VII</u>

13   <u>of Civil Rights Act of 1964</u>, 121 A.L.R. Fed 1. One such exception

14   is that "Title VII charges can be brought against persons not named

15   in an EEOC complaint as long as they were involved in the acts

16   giving rise to the EEOC claims." <u>Sosa v. Hiraoka</u>, 920 F.2d 1451,

17   1458-9 (9th. Cir 1990) (internal citations and quotation omitted).

18   There is no dispute that DeLallo Italian Foods, as plaintiff's

19   actual employer, was "involved in the acts" alleged in the EEOC

20   charge. A second exception is that Title VII claimants may sue an

21   unnamed party if facts are alleged in the charge "from which the

22   court could infer that the unnamed party violated Title

23   VII . . . ." <u>Bernstein v. Aetna Life & Cas.</u>, 843 F.2d 359, 362 (9th

24   Cir. 1988). Plaintiff's EEOC charge is brought against "George

25   Delallo Co., Inc. aka Ehmann Olive Co." As the court is now well

26   aware that "Ehmann Olive Co." is a fictitious business name for

                                    18

1   DeLallo Italian Foods, Inc., it can infer from the charge that the
2   latter corporation is alleged to have violated Title VII. Based on
3   these two exceptions, the court concludes that plaintiff may
4   properly name DeLallo Italian Foods, Inc. as a defendant in this
5   lawsuit despite having failed to name it in his EEOC charge.

6                    ***b. Adequacy of FEHA charge***

7        As for the FEHA charge, it must "state the name and address
8   of the person, employer, labor organization, or employment agency
9   alleged to have committed the unlawful practice complained of."
10  Cal. Gov't. Code § 12960. California courts have consistently held
11  that, in order to be named in a lawsuit under FEHA, a defendant
12  must be named in the body or the caption of a DFEH charge. See Cole
13  v. Antelope Valley Union High School District, 47 Cal.App.4th 1505,
14  1509-10 (Cal. Ct. App. 1996). To date, the California appellate
15  courts have issued five published decisions which address whether,
16  and in what circumstances, a FEHA claim may be asserted against a
17  party not specifically identified in a DFEH charge: Medix Ambulance
18  Service, Inc. v. Superior Court, 97 Cal.App.4th 109 (Cal.Ct.App.
19  2002) (sustaining demurrer as to two individuals not named in a
20  FEHA charge despite plaintiff's allegation that they were the alter
21  ego of a named party); Cole, supra, 47 Cal.App.4th at 1505
22  (allowing lawsuit to proceed against an individual named in the
23  caption, but not the body, of FEHA charge, but not against two
24  individuals nowhere named in the charge); Saavedra v. Orange County
25  Consolidated Transportation Etc. Agency, 11 Cal.App.4th 824
26  (Cal.Ct.App. 1992) (allowing lawsuit to proceed against individual

1  defendant described in the body of FEHA charge, though caption only

2  named the employer); Martin v. Fisher, 11 Cal.App.4th 118

3  (Cal.Ct.App. 1992) (same); and Valdez v. City of Los Angeles 231

4  Cal.App.3d 1043 (Cal.Ct.App. 1991) (holding that lawsuit could not

5  proceed against individuals not named in FEHA charge). None of

6  these decisions is particularly on-point with the circumstances of

7  this case, where the FEHA charge does not name the proper

8  defendant, but does correctly identify the proper defendant's

9  address and fictitious business name.

10      An unpublished decision featuring facts similar to those

11  herein was issued by the California Court of Appeal for the Fourth

12  Appellate District.[7] In Martinez v. Louis Lau, Inc., 2002 WL

13  31772018 (Cal.Ct.App. 2002), the plaintiff filed a DFEH charge

14  identifying her employer as "Pacific Market" and alleging age

15  discrimination by three individuals. After filing suit, she

16  determined that "Pacific Market" was a fictitious business name,

17  originally for Louis Lau, Inc., and later for Lau Brothers, Inc.

18  (The latter entity acquired the Pacific Market business shortly

19  before plaintiff was terminated.) Louis Lau, one of the individuals

20  named in the DFEH charge, was a shareholder and officer of both

21  corporations. Plaintiff amended her complaint to name the two

22  corporations as defendants and allege that "Pacific Market" was a

23  _____

24      [7]  While this court is not bound by unpublished state
    decisions, it may consider them in its decision-making. See, e.g.,
25  Roe ex rel Callahan v. Gustine Unified School Dist., 678 F.Supp.2d
    1008, 1042–43 (E.D.Cal.2009) (Wanger, J.) (citing two unpublished
26  California appellate decisions — and several published opinions —
    in support of the court's interpretation of a California statute).

1    fictitious business name under which they operated. The appeals

2    court held that, despite failing to identify the two corporations

3    in her DFEH charge, plaintiff could proceed with her lawsuit,

4    reasoning that, "It should be self-evident that to the extent

5    [plaintiff] stated a wrongful termination claim, she intended to

6    charge as the wrongdoer the employer who had terminated her, whose

7    dba she had identified and whose owner she had identified. It is

8    disingenuous for Louis Lau, Inc. to claim its identity as employer

9    as of [the date of termination] was unclear." <u>Id.</u> at *5. The

10   appeals court also noted with approval that the plaintiff had

11   provided the correct address for Pacific Market in her DFEH charge.

12       <u>Martinez</u> is persuasive. While plaintiff herein did not

13   identify an individual shareholder of DeLallo Italian Foods, Inc.

14   in his DFEH charge, the charge properly identifies the fictitious

15   business name of his employer and was mailed to the facility at

16   which he was employed. This is sufficient to have put DeLallo

17   Italian Foods on notice of plaintiff's allegations. As the <u>Martinez</u>

18   court noted, "The function of an administrative complaint is to

19   provide the basis for an investigation into an employee's claim of

20   discrimination against an employer, and not to limit access to the

21   courts. A strict rule would harm victims of discrimination without

22   providing legitimate protection to individuals who are made aware

23   of the charges through the administrative proceeding." <u>Id.</u> (quoting

24   <u>Martin</u>, 11 Cal.App.4th at 122). Accordingly, the court finds that

25   plaintiff has properly exhausted his administrative remedies under

26   FEHA.

1    ////

2            **4. Undue delay**

3        The operative scheduling order sets deadlines for discovery

4    to be completed by August 18, 2013 and law and motion to be heard

5    by October 18, 2013. Trial is currently set for April 22, 2014.

6    While it is possible that the court will have to change these dates

7    if DeLallo Italian Foods, Inc. is substituted in as a defendant,

8    the litigation is at an early enough stage that no undue delay

9    should be introduced.

10        To sum, having found that the proposed amendment would not

11    cause prejudice to the defendant, is not being sought in bad faith,

12    is not futile, and will not create undue delay, it appears that

13    leave to amend should be granted under Rule 15(a).

14        **C. Would the proposed amendment relate back to the original**

15    **complaint under Rule 15(c)?**

16        The sole question remaining, then, is whether the proposed

17    amendment would relate back to the original complaint under Rule

18    15(c)(3), given that the statutes of limitation under Title VII and

19    FEHA have run. "The purpose of relation back [is] to balance the

20    interests of the defendant protected by the statute of limitations

21    with the preference expressed in the Federal Rules of Civil

22    Procedure in general, and Rule 15 in particular, for resolving

23    disputes on their merits." Krupski v. Costa Crociere S.p.A., 560

24    U.S. ___, 130 S.Ct 2485, 2494 (2010). Under Rule 15(c)(3), when an

25    amendment to a complaint changes the party against whom a claim is

26    asserted, the amendment relates back to the date of the original

1   pleading if (i) the claim arises out of the conduct set out in the

2   original pleading; and within 120 days of the filing of the

3   complaint, the party to be brought in by the amendment (ii)

4   "received such notice of the action that it will not be prejudiced

5   in defending on the merits," and (iii) "knew or should have known

6   that the action would have been brought against it, but for a

7   mistake concerning the proper party's identity." Fed. R. Civ. P.

8   15(c).

9       The facts of this case satisfy Rule 15(c)(3). Plaintiff's

10  proposed First Amended Complaint (ECF No. 20) is identical to his

11  original complaint, except that it names DeLallo Italian Foods,

12  Inc., rather than George DeLallo Co., Inc., as defendant. The

13  original complaint was filed on April 23, 2012; defendant's initial

14  Rule 26 disclosures, served on July 24, 2012, identify Philip M.

15  Polsinelli (defendant's Executive Vice President) as a person

16  likely to have discoverable information about its defenses. As Mr.

17  Polsinelli is also identified as an officer of DeLallo's Italian

18  Foods, it appears that the latter entity had notice of this action

19  within the 120 day period. Finally, given that plaintiff's FEHA and

20  EEOC charges and right-to-sue letters were both sent to DeLallo

21  Italian Foods' Oroville facility, the firm was on notice that

22  plaintiff had mistakenly named George DeLallo Co. as his employer.

23      It therefore appears that the proposed amendment would relate

24  back to the original complaint under Rule 15(c)(3).

25  **IV. CONCLUSION**

26  The court hereby orders as follows:

23

[1] Plaintiff's motion to amend the complaint in order to substitute DeLallo Italian Foods, Inc. d/b/a Ehmann Olive Co. for George DeLallo Co., Inc. d/b/a Ehmann Olive Co. as defendant is GRANTED.

[2] Plaintiff is DIRECTED to file his proposed First Amended Complaint within three (3) days after issuance of this order. Per Fed. R. Civ. P. 15(a), DeLallo Italian Foods, Inc. must file a responsive pleading within 14 days after service of the amended complaint.

IT IS SO ORDERED.

DATED: January 15, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT