UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN J. THOMPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>DeLALLO'S ITALIAN FOODS, INC.;et al.,<br><br>        Defendants. | No.  12-cv-01058-TLN-CMK<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant DeLallo's Italian Foods, Inc.'s ("Defendant") Motion for Summary Judgment. (ECF No. 35.) Plaintiff Kevin Thompson ("Plaintiff") opposes Defendant's motion. (ECF No. 46.) For the reasons explained below, the court hereby DENIES Defendant's Motion for Summary Judgment.

I. FACTUAL BACKGROUND[1]

Plaintiff was an employee of DeLallo's Italian Foods, Inc. (ECF No. 51, Statement of Undisputed Facts ("SUF") ¶ 42.) Plaintiff's employment was terminated on October 31, 2011. (ECF No. 51-1, SUF ¶ 45.)

On January 9, 2012, Plaintiff filed a claim with the California Department of Fair

---

[1] Since this matter is brought before the Court on the issue of whether Plaintiff exhausted his administrative remedies and therefore whether the Court has jurisdiction, the Court addresses only those facts within the Statement of Undisputed Facts (ECF No. 51) that are relevant to the inquiry.

1

Employment and Housing ("DFEH") alleging discriminatory conduct by George DeLallo Co ("GDL Co.").[2]  (ECF No. 51-2, SUF ¶79.)  The DFEH claim stated:

> I WAS CALLED [N****R] FREQUENTLY.  MY COMPLAINTS WERE NOT INVESTIGATED OR FOLLOWED-UP.  I WAS DENIED RAISES OR PROMOTIONS WHILE LESS SENIOR EMPLOYEES WERE GIVEN JOBS AND RAISES.  I WAS REQUIRED TO TRAIN LESS SENIOR EMPLOYEES WHO WERE THEN PROMOTED OR GIVEN RAISES OVER ME.  MY SUPERVISOR CONTINUALLY RIDICULED ME.  ON 10/31/11. I WAS "LAID OFF" BECAUSE "IT WAS SLOW" ALTHOUGH THERE HAVE BEEN SEVERAL NEW HIRES SINCE THEN.

(ECF No. 2, Ex. A.)  The DFEH issued a right-to-sue letter on January 9, 2012.  (ECF No. 51-2, SUF ¶80.)  Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against George DeLallo Co. on January 10, 2012.  (ECF No. 51-1, SUF ¶76.)  On January 31, 2012, the EEOC issued Plaintiff a "Notice of Right to Sue."  (ECF No. 51-1, SUF ¶77.)

On April 23, 2012, Plaintiff filed a complaint in this court against GDL Co. alleging racial discrimination in violation of the Fair Employment and Housing Act (Cal. Gov. Code §12900 et seq.) ("FEHA"), the Equal Employment Opportunity Act, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000(e) *et seq.*) ("Title VII").  (See Compl., ECF No. 2.)  Plaintiff alleges in the complaint that GDL Co. exhibited racial animus by refusing to promote Plaintiff, as well as by allowing racial epithets and disparaging racial remarks to be used at work.  (ECF No. 2 at ¶7.) Plaintiff's complaint also states that GDL Co. failed to investigate, remediate or in any way address Plaintiff's complaints about racial harassment and discrimination.  (ECF No. 2 at ¶7.) Plaintiff further alleges that he was denied pay raises or promotions but trained white employees who were then promoted or received raises in pay.  (ECF No. 2 at ¶7.)

On April 23, 2012, Plaintiff's counsel mailed the summons and complaint to Defendant's agent, as well as a waiver of service of summons.  (Decl. of Larry L. Baumbach in Supp. of Mot. to Amend Compl. ("Baumbach Dec."), ECF No. 14-2, Ex. D.)  Defendant responded with a letter on May 21, 2012 (Baumbach Dec. ¶6, Ex. E) and disputed Plaintiff's claims but did not alert

---

[2] Plaintiff originally named George DeLallo Co. as the defendant, but later amended his complaint and named his employer DeLallo Italian Foods Inc.  The two entities share a similar name, have identical owners, corporate officers, and Pennsylvania addresses.  (ECF No. 46.)

Plaintiff that George DeLallo Co. was not the proper defendant.  Defendant signed the waiver of service (ECF No. 6) and filed a pretrial scheduling report (ECF No. 7.)

It was not until June 25, 2012, that Defendant mentioned in the Answer that the named defendant in the complaint was not actually Plaintiff's employer.  (Answer, ECF No. 13.)  On November 14, 2012, Plaintiff filed a Motion to Amend the Complaint on the grounds that it identified the incorrect defendant.  (ECF No. 14.)  Although Plaintiff later amended his complaint to name DeLallo's Italian Foods, Inc. as the defendant rather than GDL Co., Plaintiff did not subsequently file a complaint to the EEOC or the DFEH against DeLallo's Italian Foods, Inc.  (ECF No. 51-1, SUF ¶78, 81.)  The Court granted Plaintiff's Motion to Amend the Complaint.  (ECF No. 22.)  Defendant then filed the motion at issue.

## II. STANDARD OF LAW

Summary Judgment is appropriate when the moving party demonstrates that there is no genuine issue as to any material fact, and therefore, the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The moving party bears the initial burden of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Id*. at 322.  In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits.  Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305−06 (9th Cir. 1982).  The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  *Anderson*, 477 U.S. at 255.

## III. ANALYSIS

Here, the parties are essentially asking the Court to answer a question of law: whether

Plaintiff exhausted his administrative remedies. There are no disputed facts as to this issue. Therefore the court will instead apply the exhaustion standards listed below.

### a. Plaintiff's Title VII Claim

Title 42, United States Code, §2000e-5 provides that a plaintiff must file an administrative claim with the EEOC against their employer within one hundred and eighty days after the alleged unlawful employment practice occurred. This administrative claim is a prerequisite to the filing of a civil action against that employer under federal law. 42 United States Code §2000e-5. Title VII provides that within ninety days after the issuance of a right-to-sue notice, "a civil action may be brought against the respondent." 42 U.S.C. § 2000e-5(f)(1).

The general rule is that Title VII claimants may only sue those named in the EEOC charge because only they had the opportunity to respond to charges during the administrative proceeding. *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990). However, some exceptions to this general rule do exist. Title VII charges can still be brought against a person not named in the EEOC charge "as long as they were involved in the acts giving rise to the EEOC claims." *Wrighten v. Metropolitan Hosp.*, 726 F.2d 1346, 1352 (9th Cir. 1984). Furthermore, a court has jurisdiction over defendants even though not named in the EEOC complaint when the EEOC or the defendants themselves "should have anticipated the claimant would name those defendants in a Title VII suit." *Sosa*, 920 F.2d at 1459.

Although Plaintiff failed to name Defendant in the EEOC administrative claim, Defendant was still involved in the acts giving rise to the EEOC claim. GDL Co. and DeLallo's Italian Foods Inc. share identical owners and corporate officers. Furthermore, Defendant is Plaintiff's employer and as such was involved in the employment practices alleged in Plaintiff's EEOC claim.

In addition, the EEOC and Defendant should have anticipated that the claimant would name DeLallo's Italian Foods in the Title VII suit. Plaintiff is alleging wrongful and/or illegal employment practices, which necessitates that the claim involves Plaintiff's work environment and/or his employer. As Plaintiff's employer, Defendant should have anticipated being named in the suit. Moreover, the charge was mailed to the facility at which Plaintiff was employed, which

is sufficient to put Defendant on notice and therefore anticipate being named.  (Baumbach Dec. ¶2, Ex. A.)[3]  Finally, the EEOC and Defendant should have anticipated that Plaintiff would name Defendant in his suit given the language of the administrative claims.  The Plaintiff asserts being denied promotions and raises, and he also alleges that his complaints were not investigated.  Thus, it seems reasonable that Plaintiff would bring suit against his employer whose conduct is at issue.

In *Chung v. Pomona Valley Community Hospital*, 667 F.2d 788 (9th Cir. 1982), the plaintiff failed to name certain individual doctors in the EEOC charge.  However, the court noted that EEOC charges must be liberally construed and remarked that the individual doctors should have anticipated that the plaintiff would name in his suit those who denied him the promotions that were described in the charge.  *Chung*, 667 F.2d at 792.  The Court applies the same rationale here.

An EEOC charge should be construed "with the utmost liberality."  *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994).  The Ninth Circuit has held that district courts have jurisdiction over suits that either "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994).  In the present case, an EEOC investigation would have revealed that Defendant was Plaintiff's employer, and therefore the entity whose conduct is being investigated.

Thus, the Court concludes that Plaintiff exhausted his administrative remedies under Title 42, United States Code, §2000e-5, and Plaintiff is therefore not barred from filing the instant civil action under federal law.

b. Plaintiff's DFEH Claim

In order to bring a civil action under FEHA, the plaintiff must exhaust the administrative remedies provided by California law.  *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1121 (1989).  Exhaustion requires plaintiff to file a complaint with the DFEH within one year of the

---

[3] Plaintiff worked at the Oroville location with an address of 1800 Idora Street, Oroville, California.  (ECF No. 2.)  The charge was mailed to 1800 Idora Street, Oroville, California.  (Baumbach Dec. ¶2, Ex. A.)

alleged unlawful employment discrimination, and obtain notice from DFEH of the right to sue. Cal. Gov't Code §12960(d).  California Government Code § 12960 provides that the complaint "shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of."

As Defendant explains in the Motion for Summary Judgment, a plaintiff may not bring a FEHA civil action against a defendant not named in the DFEH charge.  (ECF No. 35 *citing to 11 California Forms of Pleading and Practice, supra,* § 115.52[3].)  However, the Court finds the following language in *Martin v. Fisher* to be persuasive:

> "The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts. A strict rule would harm victims of discrimination without providing legitimate protection to individuals who are made aware of the charges through the administrative proceeding. If they are described in the charge as the perpetrators of the harm, they can certainly anticipate they will be named as parties in any ensuing lawsuit."

*Martin v. Fisher*, 11 Cal. App. 4th 118, 122 (1992).  In the present case, Plaintiff failed to name Defendant in the DFEH charge, however Defendant most certainly should have anticipated being named as a party.  The DFEH charge describes Plaintiff's employer.  Consequently, as Plaintiff's employer, Defendant should have anticipated being named as a party in any resulting lawsuit.

IV. CONCLUSION[4]

Although Plaintiff did not name Defendant in the EEOC and DFEH charge with a high degree of specificity, this does not bar Plaintiff from bringing the instant action.  The purpose of an administrative complaint is not to limit access to the courts.  Thus, this Court finds that Plaintiff did in fact exhaust his administrative remedies by the filing of his complaint and by making Defendant aware of the charges.  Accordingly, Defendant's Motion for Summary Judgment (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated:  October 30, 2014

Troy L. Nunley
United States District Judge

---

[4] The Court recognizes that Defendant filed a Request for Judicial Notice.  (ECF No. 38).  The Court can take judicial notice of these proposed facts but they are not helpful or necessary to decide this issue.